

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| ANNETTE Y. SIMPSON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:09-02731-HFF-SVH |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| Defendant. | § | |

## ORDER

This case was filed as a social security benefits action involving Plaintiff's application for Supplemental Security Income. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 18, 2011, and Plaintiff filed her objections to the Report on March 7, 2011.

Plaintiff's first objection is that the Administrative Law Judge (ALJ) erred in determining her severe impairments. Pl.'s Objs. 31-32, ECF No. 26. As described in the Magistrate Judge's Report, two different ALJs held hearings and rendered decisions in Plaintiff's case. The first ALJ determined that Plaintiff suffered from the following severe impairments: osteoarthrosis, chronic bronchitis, left foot fracture, allergic rhinitis, headaches, asthma, sleep apnea, fibromyalgia, diabetes, plantar fasciitis, and scoliosis. R. at 49. After the Appeals Council vacated the first ALJ's decision and remanded the case for other reasons, R. at 31-33, a second ALJ found that Plaintiff suffered from a different set of severe impairments: headaches, degenerative disc disease of the back, fibromyalgia, and plantar fasciitis. R. at 14.

In her objections, Plaintiff contests that her sinusitis, chronic bronchitis, allergic rhinitis, and asthma are all related impairments that the ALJ should have classified as severe. Pl.'s Objs. 32. She asserts that these impairments limit her ability to work because they will require "frequent absences from work due to appointments." *Id.* She also maintains that "based on a review of the significant symptoms [Plaintiff] often has at these episodes of acute infections, it is reasonable to assume that she would likely miss more days from work in addition to the days of physician appointments due to the severity of the symptoms." Pl.'s Objs. 32.

Defendant responds that "there was no evidence that those impairments resulted in work-related limitations." Def.'s Resp. 2, ECF No. 30. In the alternative, Defendant maintains that "even if the Court were to find the ALJ erred, the error was harmless, as the ALJ addressed the alleged limitations caused by these impairments later in the sequential evaluation." *Id.* Finally, Defendant

asserts that "[i]n recommending that the Court affirm the ALJ's decision, the Magistrate Judge agreed with [Defendant's] arguments." *Id.*

The ALJ did not err in declining to classify Plaintiff's sinusitis, chronic bronchitis, allergic rhinitis, and asthma as severe impairments. Plaintiff alleges only two potential limitations that these conditions impose. The first proposed limitation—that she would miss work frequently due to medical appointments—is not the kind of limitation contemplated by 20 C.F.R. § 416.921, which defines a severe impairment as an impairment that "significantly limit[s the claimant's] physical or mental ability to do basic work activities." *Id.* § 416.921(a). Basic work activities are the "abilities and aptitudes necessary to do most jobs," and the regulation provides the following examples:

> (1)   Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2)   Capacities for seeing, hearing, and speaking;
> (3)   Understanding, carrying out, and remembering simple instructions;
> (4)   Use of judgment;
> (5)   Responding appropriately to supervision, co-workers and usual work situations; and
> (6)   Dealing with changes in a routine work setting.

*Id.* § 416.921(b). Even if she has frequent medical appointments, Plaintiff can still have the ability and aptitude necessary to work and perform the above-stated tasks and those similar to them. Moreover, the concern about absences due to appointments is speculative. Plaintiff's speculation that she will miss work frequently for medical appointments is insufficient to demonstrate a limitation on her physical or mental ability to perform basic work activities.

Plaintiff's second asserted limitation—that she would miss work frequently due to the severity of her symptoms—is also unavailing. Plaintiff fails to inform the Court what her symptoms are or point to anywhere in the record where they are described. Simply stating that the symptoms

from her sinusitis, chronic bronchitis, allergic rhinitis, and asthma are severe is insufficient. Without knowing what her symptoms are, the Court is unable to determine whether they could significantly limit her ability to perform basic work activities. Because Plaintiff fails to demonstrate that these impairments inhibit her ability to perform basic work activities, the Court finds that the ALJ did not err in declining to classify them as severe.

Even if the second ALJ had erred in failing to classify Plaintiff's sinusitis, chronic bronchitis, allergic rhinitis, and asthma as severe impairments, such an error would have been harmless. An erroneous finding that a claimant's impairment is not severe at step two is harmless if the ALJ finds another severe impairment to proceed beyond step two in the sequential process and considers the limitations imposed by the impairment in his residual functional capacity (RFC) assessment. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding that the ALJ's failure to label an impairment as severe at step two was harmless when the ALJ discussed its limitations at step four); *see also Groberg v. Astrue*, No. 09-4203, 2011 WL 538870, at *2 (10th Cir. Feb. 17, 2011) ("An error at step two concerning the severity of a particular impairment is usually harmless when the ALJ . . . finds another impairment is severe and proceeds to the remaining steps of the evaluation.").

The second ALJ found other severe impairments to proceed beyond step two of the sequential process and considered Plaintiff's asserted limitations in his RFC assessment. By finding that Plaintiff suffered from four severe impairments, R. at 14, the second ALJ proceeded to step three in the sequential process.* Furthermore, in the second ALJ's decision, he noted at the outset

---

* Plaintiff does not allege that her sinusitis, chronic bronchitis, allergic rhinitis, and asthma are impairments that would meet a listing under step three. Because she carries the burden of proof and persuasion with respect to step three, the Court assumes that is not her contention. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) ("Through the fourth step, the burden of production and proof is on the claimant."); *Williams v. Sullivan*, 970 F.2d 1178,

4

of his RFC assessment that Plaintiff "testified she stopped working because she was missing too much time for doctor's appointments." R. at 18. Thus, he considered her asserted limitation that frequent absences from work for medical appointments prevented her from working. Because the second ALJ found other severe impairments to move beyond step two and considered the asserted limitation that Plaintiff's sinusitis, chronic bronchitis, allergic rhinitis, and asthma allegedly imposed, any failure to classify the impairments as severe was harmless.

Plaintiff's second objection is that the second ALJ erred in assigning little weight to the opinions of Drs. Pattis and Agha, both treating physicians. Pl.'s Objs. 32-37, 41. This Court finds the objection to be without merit. The second ALJ's decision reveals that he properly applied the framework in 20 C.F.R. § 416.927(d). He thoroughly explained the doctors' treatment relationships with Plaintiff, R. at 15, and provided appropriate reasons, supported by substantial evidence, for assigning little weight to their opinions, R. at 20.

Plaintiff's third objection lodges an assortment of critiques against the ALJ's RFC assessment. Pl.'s Objs. 37-42. Her primary critique essentially resurrects the law-of-the-case doctrine argument that the Magistrate Judge suggested should be rejected. Plaintiff maintains that the second ALJ should not have found a "greater ability to perform" in his RFC assessment than in the first ALJ's assessment "without evidence that [Plaintiff's] medical condition ha[d] improved." *Id.* at 37. The Court agrees with the Magistrate Judge that the second ALJ was not bound by the findings of the first ALJ, and thus, Plaintiff's argument is unavailing. As for her other critiques of the RFC assessment, the Court has reviewed them and finds them to be without merit.

---

1181 (3d Cir. 1992) ("The claimant bears the burden of persuasion through step four . . . .").

5

Finally, Plaintiff argues that "[i]t would be helpful to have [Plaintiff] undergo a neuropsychological evaluation to assess the specific limitations she might have relating to the brain damage she . . . suffered" due to a 1981 accident. R. at 42-43. The Court, however, agrees with the Magistrate Judge's recommendation that the ALJ did not err in declining to obtain a consultative examination. Thus, to the extent that Plaintiff was objecting to this recommendation by the Magistrate Judge, the Court finds the objection unavailing.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it is consistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 31st day of March, 2011, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>HENRY F. FLOYD<br>UNITED STATES DISTRICT JUDGE